**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANDRE GREEN, # 64374-054,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-713-JPG** |
| | ) | |
| **LESLEE DUNCAN,** | ) | |
| **RUBEN MORALES,** | ) | |
| **OFFICER (Maintenance Department),** | ) | |
| **and UNKNOWN INMATE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, ("Marion") brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff claims that Defendants Duncan and Morales were deliberately indifferent to his serious medical needs, some of which were caused when he was injured by the unknown Defendants.

**<u>Motion to Amend Complaint (Doc. 9)</u>**

Because Plaintiff has attempted to amend his original complaint, this matter shall be addressed first. On August 2, 2013, the Court received a two-page document from Plaintiff entitled "Amendment to Original Complaint." The Clerk construed this document as a motion to amend the complaint (Doc. 9).

The document submitted by Plaintiff (which has not been filed of record) does not contain a complete statement of all claims against all the named Defendants, and it appears that Plaintiff intended to add his new claims piecemeal to his original complaint. However, this

Court will not accept piecemeal amendments to a complaint, nor is amendment by interlineation permitted.  To the contrary, an amended pleading must stand on its own and cannot refer to or seek to be incorporated into another document.  An amended complaint supersedes and replaces the original complaint.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  Because it does not appear that Plaintiff intended to entirely replace his eleven-page original complaint with the two-page partial statement of his new claims, the motion to amend complaint (Doc. 9) is **DENIED.**

Accordingly, the summary below of Plaintiff's claims shall include only those matters pled in the original complaint (Doc. 1).  The allegations included in Plaintiff's proposed amendment shall not be considered unless Plaintiff submits them in the form of a proper amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1) and Local Rule 15.1.

## The Complaint (Doc. 1)

Plaintiff's statement of claim includes events that occurred in three different institutions. Plaintiff was incarcerated at FCI-Fairton, in New Jersey, when he fell and injured his back on April 6, 2012 (Doc. 1, p. 5).  He developed severe back pain, numbness in his hand, arm, and feet, and extreme weakness in his legs.  These symptoms became worse over time.  Defendant Morales (a physician and clinical director) examined Plaintiff soon after the injury, and refused to issue Plaintiff a cane or wheelchair even though his ability to walk was impaired.  Some days later, when Plaintiff's back pain became excruciating, Defendant Morales refused to see Plaintiff or give him anything to relieve the pain.  From June through October 2012, Plaintiff continued to seek help for his pain and requested Defendant Morales to give him an MRI.  These requests were refused, until Plaintiff was prescribed 800 mg of Ibuprofen for "a while" (Doc. 1, p. 6).

Plaintiff was transferred to FCI-Greenville, Illinois, on October 29, 2012.  The clinical director there (Dr. Douglas Kruse, who is not a defendant) approved Plaintiff for an MRI, which he had in January 2013.  This test disclosed a serious spinal condition, and Plaintiff was then approved for a neurosurgery consultation (Doc. 1, p. 6).  However, before he could obtain this consultation, he was transferred to Marion on March 11, 2013 (Doc. 1, p. 7).

Plaintiff informed Defendant Duncan (Plaintiff's primary medical provider at Marion) of his earlier treatment and diagnosis, as well as his ongoing severe pain.  He requested refills of his medication prescribed by Dr. Kruse at Greenville, but Defendant Duncan refused.  Instead, she ordered a limited supply of Ibuprofen at 400 mg strength (Doc. 1, p. 7).

On April 25, 2013, Plaintiff's left foot was run over by a large (3000 pound) electric scaffold lift being driven by Defendant Unknown Inmate, under the supervision of Defendant Officer (Doc. 1, pp. 7-8).  Plaintiff went to health services, where Defendant Duncan approved four pain pills for him.  The following day, Plaintiff was in "enormous pain" from the foot injury, but Defendant Duncan refused to give him any pain medication, even when the prison psychologist requested it on Plaintiff's behalf.  She ultimately approved Plaintiff for ten more pain pills, but he did not get them until three days later, during which he continued to suffer (Doc. 1, p. 8).  During the months of May and June, Plaintiff's pain continued, but Defendant Duncan refused to allow him any more pain medication.

Plaintiff learned on July 2, 2013, that Defendant Duncan had cancelled his neurosurgery consultation (Doc. 1, p. 9).  Her stated reason was that Plaintiff had refused to see a cardiologist, which Plaintiff disputes.  Plaintiff has continued to suffer intolerable pain, which has prevented him from sleeping.  The weakness in his legs makes him unable to step up into the shower.  He seeks damages as well as injunctive relief to receive medical treatment (Doc. 1, p. 11).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following claims that merit further review:

**Count 1:**  against Defendant Duncan for deliberate indifference to medical needs; and

**Count 2:**  against Defendant Morales for deliberate indifference to medical needs.

However, the Court finds that Count 2 should be severed into a separate action.  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  Counts 1 and 2 involve two unrelated claims against different defendants.  Even though Plaintiff alleges that both Defendant Duncan and Defendant Morales were deliberately indifferent to the pain that resulted from his April 2012 back injury, the actions of these Defendants were independent of each other and occurred in two different locations at different times.  The claims against Defendant Duncan, of course, involve deliberate indifference to a new injury as well as to the original back injury.  Furthermore, the alleged unconstitutional actions by Defendant Morales did not take place in the Southern District of Illinois, nor is it alleged that he resides in this jurisdiction.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Count 2 of Plaintiff's complaint, and shall open a new case with a newly-assigned

case number for that claim.  However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on that claim or incur the additional filing fee.  Further, if Plaintiff chooses to pursue the severed claim against Defendant Morales, that case shall be transferred to the Federal District Court for the District of New Jersey.

**Claims and Defendants to be Dismissed**

The claim against the Unknown Officer and Unknown Inmate shall be designated as **Count 3**.  Plaintiff's allegations against these Unknown Defendants do not describe any constitutional violation upon which relief may be granted.  Plaintiff was injured by the electric scaffold.  However, it appears that the injury occurred due to, at most, the negligence of the Unknown Inmate who drove the device and the Unknown Officer who was supervising him.  Negligent acts do not violate the Constitution.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).  Therefore, a claim against these individuals for injuring Plaintiff is not cognizable in a *Bivens* action.

Accordingly, Count 3 and the Unknown Defendants shall be dismissed without prejudice.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Frazier for further consideration.

**Disposition**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendants **UNKNOWN OFFICER (Maintenance Department),** and **UNKNOWN INMATE** are **DISMISSED** from this action without prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's deliberate indifference claim against Defendant Morales (**COUNT 2**), which is unrelated to the claims in Count 1, is **SEVERED** into

a new case. That new case shall be: Claim against **DEFENDANT MORALES** for deliberate indifference to a serious medical condition.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1)     This Memorandum and Order
(2)     The Original Complaint (Doc. 1)
(3)     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 35 days (on or before September 18, 2013). Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $350.00 filing fee** in the new case. No further proceedings shall be ordered in the severed case until after the deadline for Plaintiff's response. Further, as stated above, if the severed case is not voluntarily dismissed by Plaintiff, it shall be transferred to the Federal District Court for the District of New Jersey.

**IT IS FURTHER ORDERED** that the **_only claim remaining in this action is COUNT 1 against Defendant Duncan._** This case shall now be captioned as: **ANDRE GREEN, Plaintiff, vs. LESLEE DUNCAN, Defendant.**

**IT IS FURTHER ORDERED** that Defendant **MORALES** is **TERMINATED** from *this* action with prejudice.

As to **COUNT 1**, which remains in the instant case, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **DUNCAN**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **DUNCAN** pursuant to Rule 4(e) of the Federal Rules of Civil

Procedure.[1]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

---

[1]  Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 13, 2013**

s/ J. PHIL GILBERT
United States District Judge